UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:11-cr-00227-JAW |
| | ) | |
| LEVELL L. MATTHEWS | ) | |

**ORDER ON DEFENDANT LEVELL MATTHEWS' MOTION TO LIMIT CROSS-EXAMINATION OF MR. MATTHEWS REGARDING PRIOR CONVICTION AND MOTION TO REDACT REFERENCE(S) TO PRIOR CONVICTION**

With trial scheduled next week, Levell Matthews moves in limine to limit the scope of evidence about his prior convictions should he elect to testify and further moves to redact the name and nature of the prior felony from any Indictment or charge presented to the jury. *Def. Levell Matthews' Mot. to Limit Cross-Examination of Mr. Matthews Regarding Prior Conviction* (ECF No. 96) (*Def.'s Conviction Mot.*); *Def. Levell Matthews' Mot. in Limine to Redact Reference(s) to Prior Conviction* (ECF No. 98) (*Def.'s Redaction Mot.*).

Mr. Matthews stands charged in a five-count superseding indictment with (1) one count of engaging in a conspiracy to make false statements in applications to purchase firearms to a federally-licensed firearms dealer in violation of 18 U.S.C. § 922(a)(6) and 924(a)(1)(A), (2) three counts of possessing a firearm after having been convicted of a felony in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2), and (3) one count of possession of a controlled substance in violation of 21 U.S.C. § 844. *Second Superseding Indictment* (ECF No. 47). According to the second superseding indictment, Mr. Matthews was convicted on January 15, 2009 in Kings County

Supreme Court for the state of New York of the Criminal Sale of a Controlled Substance-3rd Degree, a felony, and he possessed firearms in October, November, and December 2011. *Id.* at 3-5. Mr. Matthews has stipulated with the Government that he has been convicted in the state of New York of at least one crime, which under New York law was then punishable by imprisonment for a term exceeding one year. *Def.'s Mot.* at 1. Citing *Old Chief v. United States*, 519 U.S. 172 (1997), Mr. Matthews says that "[h]aving so stipulated, any evidence or other information indicating the nature of his prior offenses would be more prejudicial than probative in the context of the 922(g)(1) charge." *Def.'s Mot.* at 1-2.

Even so, Mr. Matthews acknowledges that if he takes the stand, the Government "still may introduce evidence of prior felony convictions *for impeachment purposes.*" *United States v. Brito*, 427 F.3d 53, 63 (1st Cir. 2005) (emphasis in original). Nevertheless, because the prior conviction may be admissible does not mean it must be admissible and Mr. Matthews argues that the nature of his conviction should not be revealed to the jury. *Def.'s Mot.* at 2. He says that the probative value of this evidence does not outweigh its prejudicial effect. *Id.* (citing FED. R. EVID. 609(a)(1)). He contends that his 2009 conviction is "fairly remote, having been entered more than three years ago." *Id.* Next, he says that the similarity between his prior conviction and the possession of a controlled substance charge is too close and may suggest to the jury that he "has a propensity to commit drug crimes." *Id.* at 2-3.

In response, the Government confirms that "it has no intention of seeking such testimony from Defendant unless there is a proper, legal basis." *Gov't's Resp. to Def.'s Mot. in Limine to Limit Cross-Examination of Def. Regarding Prior Conviction* at 1 (ECF No. 102). It points out that "[a]s long as Defendant's direct testimony did not go beyond admitting, consistent with the stipulation, that at all times material to the indictment he had been convicted of a felony, it is not likely that there would be a legal basis for further inquiry during cross-examination." *Id.*

At the same time, the Government does not foreclose the possibility that it will seek to introduce evidence of the specific nature of the conviction in the event Mr. Matthews opens the door to its admission. *Id.* For example, the Government says that if Mr. Matthews testifies that "he did not possess drugs on the day in question or that he has never dealt drugs in his life or that he never had anything to do with drugs, then inquiry into the date and name of the conviction would be relevant and admissible." *Id.* The Government urges the Court to await developments at trial before making a final admissibility ruling. *Id.* at 1-2.

As the parties agree that the details of the prior conviction are not admissible, absent further evidentiary justification, the Court GRANTS in part and DENIES in part the Defendant's motion to limit cross-examination (ECF No. 96). Evidence of the specifics of the conviction will be not admissible unless justified by developments at trial. Before the Government seeks to introduce evidence of the specifics of Mr. Matthews' conviction, the Court ORDERS the Government to

approach sidebar and alert counsel and the Court of its intention to do so and to obtain a ruling.

To guide counsel, the Court observes that the First Circuit has set forth some of the "array of factors" a trial court may consider in making this determination:

> A wide array of factors may be considered when calibrating the Rule 609 scales. Without limiting the generality of that statement, these may include (i) the impeachment value of the particular convictions; (ii) their immediacy or remoteness (even though they are within the ten-year window); (iii) the degree of potential prejudice that they portend; (iv) the importance of the defendant's testimony; and (v) the salience of the credibility issue in the circumstances of the particular case.

*Brito*, 427 F.3d at 64. More to the point, the *Brito* Court concluded that, in that case, the fact a defendant had pleaded guilty to a drug trafficking crime cut in favor of admissibility because "[p]rior drug-trafficking crimes are generally viewed as having some bearing on veracity." *Id.* At the same time, the fact that the conviction is similar to one of the charged crimes weighs against admission because, as Mr. Matthews contends, it "may run a risk of implying a propensity to commit the crime." *Id.* If the jury is required to believe either Mr. Matthews or other witnesses, this would favor admissibility because "[t]he salience of the credibility issue weighs in favor of admitting the prior convictions." *Id.* At trial, the Court will seek to apply this guidance from the First Circuit; otherwise, the Court will await developments at trial.

Regarding Mr. Matthews' motion to redact the details of the prior conviction from the second superseding indictment, if the details of Mr. Matthews' prior conviction are not admitted, the Court agrees with him that they should not appear

4

in the second superseding indictment, a copy of which will be given to the jury. Yet, if the details of his prior conviction are admitted, the presence of the same information on the second superseding indictment would merely be redundant. As this issue cannot be finally resolved until trial, the Court DEFERS ruling on the Defendant Levell Mathews' Motion in Limine to Redact Reference(s) to Prior Conviction (ECF No. 98).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 21st day of September, 2012