UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:11-cr-00227-JAW |
| | ) | |
| LEVELL L. MATTHEWS | ) | |

**ORDER ON DEFENDANT'S RENEWED MOTION
FOR JUDGMENT OF ACQUITTAL**

On September 26, 2012, a jury found Levell Matthews guilty on all counts of a five-count Second Superseding Indictment that had charged him with four firearms violations and the simple possession of marijuana. On October 16, 2012, Mr. Matthews renewed his motion for judgment of acquittal. He contends that the Government failed to produce sufficient evidence to sustain the jury's verdict on all five counts and, on the simple possession of marijuana count, that the Government failed to present evidence that he did not possess a valid prescription for marijuana. The Court concludes the Government met its burden of proof and produced sufficient evidence from which a reasonable jury could have found Mr. Matthews guilty on all five counts. Further, the Court concludes that, to establish a violation of 21 U.S.C. § 844(a), the Government is not required to prove that a defendant did not possess a valid prescription for marijuana because the non-existence of a valid prescription is not an element of the offense.

## I.  STATEMENT OF FACTS

On March 15, 2012, a federal grand jury indicted Levell Matthews on five criminal counts. *Second Superseding Indictment* (ECF No. 47). Count I charged him with conspiracy to knowingly make false statements in applications to purchase firearms. *Id.* at 1. Counts II, III, and IV charged him with being a felon in possession of firearms. *Id.* at 3-4. Count V charged him with possession of marijuana. *Id.* at 5.

Mr. Matthews' case proceeded to trial on all five counts. At the close of the Government's case-in-chief, the Court denied Mr. Matthews' oral motion for a judgment of acquittal. After a two-day trial, on September 26, 2012, a jury found him guilty on all counts. *Jury Verdict* (ECF No. 124). On October 10, 2012, Mr. Matthews renewed his motion for acquittal pursuant to Federal Rule of Criminal Procedure 29(c). *Def. Levell Matthews' Renewed Mot. for J. of Acquittal* (ECF No. 128) (*Def.'s Mot.*). On October 16, 2012, the Government filed a Response to the Mr. Matthews' Motion. *Gov't's Resp. to Def.'s Renewed Mot. for J. of Acquittal* (ECF No. 129) (*Gov't's Opp'n*).

## II.  PARTIES' POSITIONS

### A.  Levell Matthews' Motion

First, without providing specifics, Mr. Matthews argues that "the Government, as a whole, failed to produce evidence sufficient to support the counts of conviction beyond a reasonable doubt." *Def.'s Mot.* at 1. Second, he asserts the Government failed to prove an element of the possession of marijuana offense,

2

Count V, because it failed to produce evidence that he did not possess a valid prescription for marijuana "as required by 21 U.S.C. § 844." *Id.* at 2.

In support of his acquittal argument for Count V, the Defendant points to United States Supreme Court caselaw, which states that when a criminal statute includes an exception, the burden of proof lies with the Government to demonstrate the Defendant's conduct does not fall within the exception. *Id.* at 3 (citing *United States v. Vuitch*, 402 U.S. 62 (1971)). To bolster his argument, Mr. Matthews cites caselaw from other circuits, describing § 844(a)'s elements in general terms, such as "simple possession of a controlled substance without a prescription." *Id.* (citing *United States v. Swiderski*, 548 F.2d 445, 449 (2d Cir. 1977)). In sum, he argues that in light of judicial interpretations of 21 U.S.C. § 844(a) and proper statutory construction, the lack of a valid prescription is an element of the crime, which the Government should have but failed to prove beyond a reasonable doubt. *Id.* at 4.

### B. The Government's Opposition

The Government responds that Mr. Matthew's sufficiency of the evidence claim is baseless because the Government provided sufficient evidence for a reasonable jury to find him guilty on Counts I-V. *Gov't's Opp'n* at 1-2. Furthermore, the Government contends that the "Defendant's failure to point to any specific inadequacy highlights the lack of merit of his assertion." *Id.* at 2. In support of its position, the Government sets forth a detailed summary of the trial evidence to show that Mr. Matthews' guilt was, in fact, proven beyond a reasonable doubt for each Count. *Id.* at 3-8.

Next, the Government asserts that Mr. Matthews' additional argument for Count V should be rejected because the lack of a "valid prescription or order" language refers to an affirmative defense rather than an element of the crime. *Id.* at 8. The Government distinguishes the cases Mr. Matthews cites because they do not address § 844(a)'s "unless" clause and fail to discuss the relevant burdens. *Id.* at 9. Thus, the Government argues that it met its burden of proof and the jury's verdict should stand on all counts. *Id.*

## III.   DISCUSSION

### A.   Legal Standard

Federal Rule of Criminal Procedure 29(c) allows a defendant to move for judgment of acquittal and renew that motion within fourteen days after a guilty verdict is entered. FED. R. CRIM. P. 29(c). When a convicted defendant contests the sufficiency of the evidence adduced at trial, the court "'must take that evidence in the light most favorable to the government and decide whether that evidence, including all plausible inferences extractable therefrom, enables a rational factfinder to conclude beyond a reasonable doubt that the defendant committed the charged crime.'" *United States v. Piper*, 298 F.3d 47, 58 (1st Cir. 2002) (quoting *United States v. Barnes*, 244 F.3d 172, 175 (1st Cir. 2001)). "In conducting this analysis, [the court is] cognizant that the government may satisfy its burden of proof 'by either direct or circumstantial evidence, or by any combination thereof.'" *Id.* (quoting *United States v. Gifford*, 17 F.3d 462, 467 (1st Cir. 1994)). "Moreover, an inquiring court is, for this purpose, constrained to 'resolve all credibility disputes

in the verdict's favor.'"  *Id.* (quoting *United States v. Taylor*, 54 F.3d 967, 974 (1st Cir. 1995)).  In sum, the Court "ought not to disturb, on the ground of insufficient evidence, a jury verdict that is supported by a plausible rendition of the record."  *United States v. Wilder*, 526 F.3d 1, 8 (1st Cir. 2008) (quoting *United States v. Ortiz*, 966 F.2d 707, 711 (1st Cir. 1992)).

    **B.**    **Sufficiency of the Trial Evidence**

        **1.**    **Count I:  Conspiracy to Make False Statements on Applications to Purchase Firearms**

To prove that Mr. Matthews conspired to make false statements in applications to purchase firearms, the Government must first show: (1) a person knowingly made a false statement in connection with the acquisition of a firearm; (2) that at the time the person made the statement, the person was trying to buy a firearm from a licensed dealer; and (3) that the statement was intended to, or likely to, deceive the licensed dealer about a fact material to the lawfulness of the sale.  18 U.S.C. § 371; 18 U.S.C. § 922(a)(6).  Next, to establish a conspiracy, the Government must prove: (1) there was an agreement between two or more people, including Mr. Matthews, to make false statements in applications to purchase firearms; (2) that Mr. Matthews willfully joined that agreement; and (3) that one of the conspirators committed an overt act during the period of the conspiracy in an effort to further the purpose of the conspiracy.  18 U.S.C. § 371; *see United States v. Diaz*, 670 F.3d 332, 347 (1st Cir. 2012).

The evidence against Mr. Matthews was more than sufficient for a rational jury to find him guilty on Count I.  The Government introduced into evidence a

5

videotape from Frati's Pawn Shop, which shows Mr. Matthews, a felon unable to legally purchase firearms, visiting Frati's with Victor Morales and Renee Weeks several times and handling guns. *Gov't's Opp'n* at 3. The Government also called as a witness Renee Weeks, who pleaded guilty to conspiracy to make false statements in federal firearms applications, naming Mr. Matthews and Mr. Morales as her co-conspirators. *Id.* at 5. Ms. Weeks testified that she falsely filled out firearm applications by saying the firearms were for her use. *Id.* at 3. She also testified that she attempted to procure the firearms from Frati's specifically for Mr. Matthews and at his request. *Id.* at 5.

Further, after his arrest, Mr. Matthews made statements that a rational fact-finder could have considered admissions of guilt, including statements such as, "Frati's was a go", "uh oh" in response to being told he was captured on video in Frati's, and his statement that he had $4,000 in his sock when in fact there was $3,700, mathematically explained by the purchase amount of the $294 gun. *Id.* at 7-8. Given the lack of guidance from Mr. Matthews concerning the substance of his sufficiency challenge and the Court's obligation to view all evidence and reasonable inferences in the light most favorable to the Government, the Court denies Mr. Matthews' renewed motion for acquittal on Count I.

### 2. Counts II, III, and IV: Felon in Possession of Firearms

A defendant will be found guilty of felon in possession of a firearm if the Government can show: (1) the defendant was convicted in any court of a felony; (2) that the defendant knowingly possessed a firearm; and (3) that the firearm was

connected with interstate or foreign commerce. 18 U.S.C. § 922(g)(1). Before trial, the parties stipulated that Mr. Matthews had previously been convicted of a felony in New York and that the firearms at issue affected interstate commerce. At trial, the Government played a series of videos from Frati's Pawn Shop showing Mr. Matthews handling a number of firearms. Because the evidence strongly supports each element of the crime beyond a reasonable doubt and Mr. Matthews does not point to any specific deficiency in the Government's case, the jury's verdict on Counts II, III, and IV, must be sustained.

### 3. Count V: Possession of a Controlled Substance

Mr. Matthews challenges the sufficiency of the evidence for Count V on two grounds. First, as with the other Counts, he makes a blanket non-specific statement that the evidence is insufficient to sustain the jury's verdict. *Def.'s Mot.* at 2. Second, he asserts that the Government failed to prove one of the elements of the drug possession offense, namely that he did not have a valid prescription for marijuana. *Id.*

At trial, the Court instructed the jury that the elements for possession of a controlled substance were: (1) that Mr. Matthews possessed a controlled substance, namely marijuana; and (2) that he did so knowingly and intentionally. 21 U.S.C. § 844(a). As with Counts I-IV, given that a search incident to arrest revealed Mr. Matthews had 3.2 grams of marijuana in his underwear, this direct evidence and any reasonable inferences drawn from it are sufficient to sustain the jury's verdict on Count V. *Gov't's Opp'n* at 7. Yet, if the Defendant is correct that possession of a

controlled substance requires the Government to prove that Mr. Matthews did not have a valid prescription for the controlled substance, the Court must acquit the Defendant on Count V because there was no trial evidence on this issue. To clarify the elements of 21 U.S.C. § 844(a), the Court examines the statute's structure and relevant caselaw.

### a. Statutory Structure of 21 U.S.C. § 844(a)

21 U.S.C. § 844(a), which criminalizes simple possession offenses, provides:

> It shall be unlawful for any person knowingly or intentionally to possess a controlled substance unless such substance was obtained directly, or pursuant to a valid prescription or order, from a practitioner, while acting in the course of his professional practice, or except as otherwise authorized by this title or title III.

*Id.* A related provision, 21 U.S.C. § 885(a), sets forth the burdens of proof for simple possession offenses. *Id.* § 885(a). Section 885(a)(1) discusses exemptions and exceptions to burdens of proof and provides:

> It shall not be necessary for the United States to negative any exemption set forth in this title in any complaint, information, indictment, or other pleading or in any trial, hearing or other proceeding under this title, and the burden of going forward with the evidence with respect to any such exemption or exception shall be upon the person claiming its benefit.

*Id.* Section 885(a)(2) directly addresses § 844(a) and states, "[i]n the case of a person charged under section 404(a) [21 U.S.C.[ ] § 844(a)] with possession of a controlled substance, any label identifying such substance . . . shall be admissible in evidence and shall be prima facie evidence that such substance was obtained pursuant to a valid prescription from a practitioner." *Id.* § 885(a)(2).

8

The Court views the language in § 844(a)—"unless such substance was obtained directly, or pursuant to a valid prescription or order"—as creating an exemption or an exception under § 885(a)(1). Because the Government does not bear the burden to negate any exception in the statute, the lack of "a valid prescription or order" language in § 844(a) must be an affirmative defense for which a defendant bears the burden of coming forward with the evidence. This conclusion is supported by the structure of § 885(a)(2), which statutorily enacts a defendant's burden of going forward with the evidence when he asserts that he had a valid prescription or order for a controlled substance under § 844(a).

Mr. Matthews cites *Vuitch* to support his interpretation of § 844(a). In *Vuitch*, an abortion case, the United States Supreme Court addressed whether a physician accused of performing an abortion had the burden to prove that he did so to preserve life or health. 402 U.S. at 68-69. The *Vuitch* Court rejected an interpretation of this part of the statute, which would have placed a burden of proof on the defendant, commenting that to do so would "at the very least present serious constitutional problems." *Id.* at 70. This Court does not view *Vuitch* as helpful in resolving this case because § 844(a) does not impose a burden of proof, only a burden of going forward with the evidence. This conclusion is buttressed by the Court of Appeals for the District of Columbia, which stated that "Congress obviously did not intend to place on the Government the near impossible burden of proving a negative in order to establish a violation of section 844(a)." *United States v. Forbes*, 515 F.2d 676, 680 n.9 (D.C. Cir. 1975).

9

### b. Caselaw Outlining the Elements of 21 U.S.C. § 844(a)

Three Circuits—the District of Columbia, Fourth and Fifth Circuits—have held that proof of the lack of a valid prescription or order is an affirmative defense rather than an element of a § 844(a) simple possession offense.[1] In *Forbes*, the District of Columbia Court of Appeals concluded, "[i]t is clear that the 'unless' clause [of § 844(a)] establishes a defense to be raised by the accused rather than an element of the offense to be proven by the Government. If this were not the case, there would be no point to section 885(a)(2) . . . ." 515 F.2d at 680 n.9; *see United States v. Murray*, 618 F.2d 892, 901 (2d Cir. 1980) (emphasizing that according to § 885(a) the defendant bears the burden of going forward with evidence of exemptions or exceptions found within any section of the Comprehensive Drug Abuse Prevention and Control Act of 1970). Similarly, in *United States v. Foster*, the Fourth Circuit rejected the defendant's argument that § 844(a) contained a third element because "the exception in § 844(a) for possession pursuant to a valid prescription is an affirmative defense that Foster [the defendant] was required to establish." 374 F. App'x 448, 449 (4th Cir. 2010).

Furthermore, in *Woods v. Butler*, the Fifth Circuit adopted *Foster*'s interpretation of § 844(a) and concluded, when interpreting a Louisiana statute modeled after § 844(a), the "unless" clause established an affirmative defense for

---

[1] In the context of a defendant's challenge to his conviction under § 841(a) and § 846, the First Circuit cited § 855 and stated, "a defendant claiming the benefit of a medical exemption bears the evidentiary burden with respect to its applicability." *United States v. Hooker*, 541 F.2d 300, 301-02, 305 (1st Cir. 1976). The *Hooker* decision is not dispositive because the First Circuit dealt with different sections under title 21, namely § 841 and § 846, not § 844. *Id.* However, the First Circuit's analysis of § 885's impact on evidentiary burdens within the statute is consistent with the District of Columbia, Fourth, and Fifth Circuit's view of the burdens under § 844(a).

10

the defendant to raise. 847 F.2d 1163, 1167 (5th Cir. 1998) (recognizing that if the Court were to adopt a different view of the "unless" clause "the Court would [ ] be requiring the State to assume the difficult burden of negating the possibility of the existence of a prescription in possession cases"); *see also United States v. Felts*, 602 F.2d 146, 148 (7th Cir. 1979) (concluding that pursuant to § 885(a)(1) the defendant had the burden of going forward with proof of non-registration for a violation of § 841(a) and that "to require the government to allege and prove non-registration of each defendant . . . would be a substantial waste of government resources").

The cases Mr. Matthews relies on to support his interpretation of § 844(a) are unpersuasive. Specifically, Mr. Matthews cites cases which repeat § 844(a)'s statutory language generally but do not discuss the impact of § 885 on the elements of the crime or the burdens of proof. In *Dorszynski v. United States*, the Supreme Court wrote in a footnote that "§ 844(a) makes punishable the knowing or intentional possession of a controlled substance such as LSD when not obtained pursuant to a valid prescription or order." 418 U.S. 424, 426 n.3 (1974). This Court does not interpret this dictum as enumerating the elements of the offense or discussing § 885(a)'s impact on the statute's evidentiary burdens; the footnote does not alter the Court's conclusion. *See id*. For the same reason, *United States v. Stone*, 139 F.3d 822, 834 (11th Cir. 1998), and *Swiderski*, 548 F.2d at 449, cases cited by Mr. Matthews, are unpersuasive because they merely recite the statute's language without further analysis. Notably, in *Stone*, when stating the elements of a § 844(a) offense, the Second Circuit supported its analysis with a Fifth Circuit

11

case explicitly listing the elements as "'(1) the knowing possession (2) of a controlled substance.'" *Stone*, 139 F.3d at 834 (citing *United States v. Krout*, 66 F.3d 1420, 1431 (5th Cir. 1995)).

The Court follows the District of Columbia, Fourth, and Fifth Circuits, and concludes that § 844(a)'s "unless" language creates an affirmative defense, imposing on a defendant a burden of going forward with evidence, rather than a third element for a possession offense. Given the presence of the marijuana in Mr. Matthew's underwear, a reasonable jury could have found him guilty of the simple possession charge in Count V of the Second Superseding Indictment.

## IV.  CONCLUSION

The Court DENIES the Defendant's Renewed Motion for Judgment of Acquittal (ECF No. 128).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 5th day of November, 2012